# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| BONNIE HEBERT and : | |
| PATRICK HEBERT, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Case No.: 5:13-CV-64 (WLS) |
| : | |
| WALLET RECOVERY LTD. d/b/a : | |
| WALLET INTERNATIONAL, : | |
| : | |
| Defendant. : | |
| : | |

## ORDER

Presently pending before the Court is Plaintiffs' Motion for Fees and Costs for Failure to Waive Service (Doc. 10). For the following reasons, Plaintiffs' Motion for Fees and Costs for Failure to Waive Service (Doc. 10) is **GRANTED.**

## BACKGROUND

On February 22, 2013, Plaintiffs filed a Complaint against Defendant, alleging violations of the Fair Debt Collection Practices Act and Georgia's Fair Business Practices Act. (Doc. 1.) Counsel for Plaintiffs asserts, in an affidavit, that he mailed all documents required by Federal Rule of Civil Procedure 4(d)(1) on February 22, 2013. (Doc. 10-1 at 3.) He also claims that the documents were received by Defendant on February 25, 2013. (*Id.*) These assertions are supported by tracking information printed by Plaintiffs from a website associated with the United States Postal Service. (*Id.* at 13.)

In his affidavit, Counsel for Plaintiffs claims that he received a telephone call from David Weissman, who identified himself as counsel for Defendant. (*Id.* at 3.) Counsel for Plaintiffs asserts that Mr. Weissman indicated that he asked his clients if they would waive service, and they said "No." (*Id.*) Counsel for Plaintiffs states, that as

1

a result, he hired Undisputed Legal, Inc. to serve process on Defendant, and paid that company $100.00. (*Id.*) He submitted an Invoice from Undisputed Legal, Inc. that indicates he paid $100.00 for that service on April 1, 2013. (*Id.* at 16.) An Affidavit of Service was filed by Plaintiffs on April 24, 2013, that indicated that Cyro Calogero was served on March 30, 2013. (Doc. 4-1 at 1.)

In its Motion to Open Default (Doc. 7), Victoria Calogero, President of Defendant, noted that Cyro Calogero had been served on March 30, 2013 at 11:45 a.m. (Doc. 7 at 1-2.) She claimed that she failed to respond in accordance with the Federal Rules of Civil Procedure because she misunderstood those Rules. (*See id.*) Defendant's Motion to Open Default (Doc. 7) and Answer (Doc. 8) were stricken by the Court because, as a corporation, Defendant cannot proceed *pro se*. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Although Defendant was ordered to obtain counsel within twenty-one days from the entry of the Court's November 5, 2013 Order (Doc. 14), there is no indication that Defendant has done so. (*See generally* Docket.)

## ANALYSIS

Defendants have "a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." FED. R. CIV. PRO. 4(d)(1). To effectively request a waiver, the plaintiff must mail to the defendant, or an agent authorized by law to receive service of process, the complaint, two copies of a waiver form, prepaid means of returning the form, and certain other information giving the defendant notice of the suit, the purpose of waiver of service of process, and the consequences for failing to do so. *Id.* The plaintiff must give the defendant thirty days to return the waiver, and the waiver request must "be sent by first-class mail or other

2

reliable means." *Id.* "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." FED. R. CIV. PRO. 4(d)(2).

Upon consideration of the facts and evidence discussed above, the Court finds that Plaintiffs complied with Rule 4(d) and is entitled to expenses associated with "making service" that were incurred as a result of Defendant's failure to sign and return the waiver. The copies of documents submitted by Plaintiffs, along with the statements made in the affidavit of Counsel for Plaintiffs, demonstrate that the proper documents were sent to Defendant and Defendant was given thirty days to return the waiver as required by the Rule. (*See* Doc. 10-1.) The Court notes that Defendant, even in its filings that have since been stricken for the reasons stated above, has at no point denied that it failed to return the waiver. (*See* Docs. 7 & 8.) The Court finds that any factual dispute regarding conversations that took place between Counsel for Plaintiffs and Mr. Weissman is immaterial because there is no indication that the waiver was returned. Furthermore, there is no need for an evidentiary hearing because there are no disputed material factual allegations before the Court.

Counsel for Plaintiffs claims to have expended 3.5 hours at the rate of $300.00 per hour for researching and drafting the motion currently under review, 2.5 hours at the rate of $85.00 per hour for clerical work related to arranging for service on Defendant, and $100.00 for the process server. (Doc. 10-1 at 4-5.) The Court finds that the amount of fees claimed by Counsel for Plaintiffs, although on the high end of what is permissible, is reasonable. *See Davilla v. Thinline Collections, LLC*, 230 F.R.D. 601,

603 (N.D. Cal. 2005) (approving three hours at rate of $300 per hour and $170.28 for process server). Accordingly, Plaintiffs' Motion for Fees and Costs for Failure to Waive Service (Doc. 10) is **GRANTED.** Thus, the Court **ORDERS** that Defendant pay Plaintiffs for attorney's fees and costs incurred as a result of the necessity of serving process and bringing this Motion in the amount of $1,362.50 and that payment shall be made to Plaintiffs within thirty (30) days of the entry of this Order.

**SO ORDERED**, this  13th  day of December, 2013.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**