IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BONNIE HEBERT, and<br>PATRICK HEBERT,<br><br>    Plaintiffs,<br><br>v.<br><br>WALLET RECOVERY LIMITED<br>d/b/a WALLET INTERNATIONAL,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:    CASE NO.: 5:13-CV-64 (WLS)<br>:<br>:<br>:<br>:<br>:<br>: |

**ORDER**

Presently pending before the Court is Plaintiffs' Supplemental Memorandum for Attorney's Fees and Costs with Plaintiffs' Motion for Reconsideration (Doc. 18). For the reasons that follow, Plaintiff's Supplemental Memorandum for Attorney's Fees and Costs with Plaintiffs' Motion for Reconsideration (Doc. 18) is **GRANTED-IN-PART and DENIED-IN-PART.**

**I.    Attorney's Fees**

To determine the appropriate amount of an award of attorney's fees, the Court multiplies the number of hours reasonably expended on a case by the reasonable or customary hourly rate. This "lodestar" amount is then adjusted upward or downward in light of the factors identified in *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] Ordinarily, most of the *Johnson* factors will be reflected in the lodestar

---

[1] The *Johnson* factors are as follows:
  1. The time and labor expended;
  2. The novelty and difficulty of the questions raised;
  3. The skill required to properly perform the legal services rendered;
  4. The customary fee for like work;
  5. The attorney's opportunity costs in pressing the instant litigation;
  6. The time limitations imposed by the client or circumstances;
  7. The amount in controversy and the results obtained;

1

itself—for example, time and rate—rather than in an adjustment of the lodestar. *Blum v. Stenson*, 465 U.S. 886 (1984). "A strong presumption that the lodestar figure . . . represents a 'reasonable fee' is wholly consistent with the rationale behind the usual fee-shifting statute." *Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989) (citing *Pennsylvania v. Del. Valley Citizens' Counsel for Clean Air*, 478 U.S. 546, 565 (1986)).

### A. Reasonable Market Rate

In support of their contention that $300 is the prevailing market hourly rate, Plaintiffs submit the following: (1) an affidavit from James W. Hurt, Jr., a consumer law attorney in Athens, Georgia, that states that $300 per hour is "lower than what should prevail in the Macon Division market"; (2) an affidavit from Phillip Bond, a consumer law attorney at the Macon Regional Office of the Georgia Legal Services Program, that states that "$300 per hour is not only reasonable for a consumer attorney with [Plaintiffs' Counsel's] level of skill, experience and reputation, but lower than the prevailing market rate in the Middle District of Georgia, Macon Division"; (3) a report prepared by Ronald L. Burdge entitled "US Consumer Law Attorney Fee Survey Report" that states that the average consumer law attorney hourly rate is $295 per hour for an attorney with 11-15 years of experience,  $375 per hour for an attorney with 16-20 years of experience, and $324 per hour for an attorney with 21-25 years of experience; and (4) a 2012 case in the Macon Division of this Court that approved a rate of $335 per hour for an attorney with more than 10 years of experience. (*Id.* at 1; Docs. 18-1—18-5.)

Plaintiffs' Counsel, David Addleton, graduated from The John Marshall Law School in Chicago, Illinois, and began practicing law at Wimberly Lawson as an Associate Attorney in May 1984. (Doc. 13-4.) From that time until February 1989, Mr. Addleton primarily practiced labor and employment law. (*See id.* at 8.) From February 1989 until August 2001, Mr. Addleton practiced labor and employment law, personal injury, and several other areas of law, but did not begin practicing consumer law until August 2001. (*See id.* at 7.)  Thus, at most, Mr. Addleton's experience practicing

---

8.   The experience, reputation, and ability of the attorney;
9.   The undesirability of the case within the legal community in which the suit arose.

2

consumer law spans thirteen years. Nonetheless, based on the information submitted by Plaintiffs, the Court finds that $300 per hour is within the range of reasonable rates in the relevant legal market.

### B. Reasonable Hours Expended

Plaintiffs' Counsel seeks $5,197.50 for his *ante litem* activities (16.9 hours x $300, 1.5 x $85). (Doc. 13-4 at 10-12.) Such work can be summarized as follows: General communication and correspondence with clients (4.8 hours) (*Id.*, entries 1, 3, 8, 13, 14, 22, 25, 37-47), general research (4.8 hours) (*Id.*, entries 2, 4, 5, 7, 34, 35), correspondence with individuals other than clients who are involved with the case, including preparing and sending the *ante litem* notice (7.3 hours) (*Id.*, entries 6, 9, 12, 15, 17, 18, 20, 21, 23, 26, 27, 29-31, 36), and clerical services (1.5 hours) (*Id.*, entries 10, 11, 16, 19, 24, 28, 32, 33). The Court finds that the hours expended in relation to Plaintiffs' Counsel's *ante litem* activities were reasonable. Thus, Plaintiffs' Counsel is entitled to $5,197.50 for fees in connection with the *ante litem* activities in this matter.

Plaintiffs' Counsel seeks $21,325.00 for the prosecution of this case (67.8 x $300, .5 x $100, 11 x $85). (Doc. 18-5 at 4-11.) Such work can be summarized as follows: Drafting and researching complaint (19.9 hours) (*Id.*, entries 2, 3, 5-7, 17-19), general communication and correspondence with clients and others (4.4 hours) (*Id.*, entries 1, 4, 8-16, 26, 27, 29, 43, 47, 57, 62, 63, 71), seeking waiver of or effectuating personal service of process (6.2 hours) (*Id.*, entries 30-33, 35, 42, 44-46, 52, 67, 74), causing clerk to enter default (2.4 hours) (*Id.*, entries 49, 50, 55), preparing documents in relation to motion for default judgment (14.4 hours) (*Id.*, entries 51, 58-60, 69, 70, 72), responding to motion to open default (6.2 hours) (*Id.*, entries 61, 65, 66), preparing documents in relation to motion for attorney's fees and reconsideration (14.3 hours) (*Id.*, entries 75-81), and clerical and paralegal services (11.5 hours) (*Id.*, entries 20-25, 28, 34, 36-41, 48, 53, 54, 56, 64, 68, 73). For the following reasons, the Court finds that the amount of hours expended by Plaintiffs' Counsel was unreasonable.

First, it was unreasonable for Counsel to spend nearly 20 hours researching and drafting the complaint (Doc. 1). The facts of this case presented straightforward FDCPA

3

and FBPA claims. Much of the research necessary to assert the factual background in the complaint should have been completed in the time spent researching the case—time for which Plaintiffs' Counsel will be compensated based on the *ante litem* activity entries as discussed above—and the various communications with Plaintiffs and other individuals involved. As to the law, Plaintiffs' Counsel should have had knowledge of the relevant law because of his experience as a consumer lawyer and his involvement in at least one similar FDCPA and FBPA suit that involved a similar complaint. *See Mortley v. Commercial Recovery Sys., Inc.*, 5:11-CV-263 (MTT) (M.D. Ga. July 5, 2011). Further, the Court has found that $300 per hour is a reasonable rate for Plaintiffs' Counsel. That rate accounts for a significant amount of experience in consumer law. As such, Plaintiffs' Counsel should not spend much time researching the area of law of which he is presumed to be a learned professional. As such, drafting the complaint should have been a matter of memorializing the application of the law to the facts, which the Court finds should have taken no more than five hours.

Second, the Court notes that Plaintiffs' Counsel was previously compensated for "expenses incurred in making service [and] the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d). (Docs. 10, 16.) As noted by Counsel, the amount requested in the instant motion is "inclusive of the fees and costs, in the amount of $1,362.50, that this Court previously awarded." (Doc. 18 at 7.) Accordingly, Counsel will not be awarded any additional amount for entries related to serving process because to do so would be double billing. (Doc. 18-5 at 4-11, entries 30-33, 35, 42, 44-46, 52, 67, 74).

Third, Plaintiffs' Counsel's entry of 2.4 hours for "research[ing] and draft[ing] motion for entry of default by clerk" (Doc. 6) and executing related documents was excessive. As stated above, assuming that Counsel is a seasoned professional with over twenty years of experience as an attorney, approximately thirteen of which was dedicated to consumer law, no research of entry of default was warranted beyond a mere reading of Fed. R. Civ. P. 55. Also, no extensive motion drafting was warranted or conducted. The four pages filed in relation to Plaintiffs' Motion for Entry of Default (*see*

4

Doc. 6) should have taken Counsel no longer than one hour. Accordingly, the Court finds that one hour was the reasonable amount of time to seek entry of default in this matter.

Fourth, the Court finds that the amount of time claimed by Counsel as to the motion for default judgment (Doc. 13) was excessive. Counsel could have obtained a default judgment simply by demonstrating that the well-pleaded factual allegations in the complaint, accepted as true, entitled Plaintiffs to relief. Plaintiffs' Counsel devoted nearly thirteen pages to his motion for default judgment, and the remainder of the 19-page pleading to a motion for attorney's fees. Because this was a simple and straightforward case, that amount of effort was unnecessary. Also, Counsel's four pages of endnotes were almost exclusively block quotes from statutes and cases. In light of all the circumstances, the Court finds that five hours was the reasonable amount of time to expend on the motion for default judgment in this case.

Fifth, the Court finds that 4.7 hours to research and draft the motion to strike and seal (Doc. 9) was excessive. Defendant's filings were lengthy but, as stated by Plaintiffs, "[t]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." (Doc. 9 at 2 (citations omitted)). As to the motion to seal, Plaintiffs' citation to Fed. R. Civ. P. 5.2 and M.D. Ga. L.R. 5.4 was sufficient. (*Id.* at 3.) Thus, the Court finds that two hours would have been more than enough time to complete the referenced tasks.

Lastly, the Court finds that 14.4 hours to prepare the supplemental memorandum regarding attorney's fees and motion for reconsideration (Doc. 18) was excessive. Plaintiffs' Counsel asserts that he spent 11.7 hours researching previous awards of attorney's fees and law relevant to the motion for reconsideration. Although awards of attorney's fees in similar cases may be difficult to find, it became unreasonable to continue to spend time searching for such instances once it became clear to Counsel that he would have to resort to other means to demonstrate the prevailing market rate. For instance, in his supplemental memorandum, Counsel stated that instances of awards of attorney's fees in relevant cases were sparse. (Doc. 18 at 2.)

5

Thus, Counsel's time should have been spent gathering other evidence, such as the affidavits and reports submitted by Counsel. Obtaining those items, however, should not have taken 11.7 hours. Also, that amount of time is not rendered reasonable due to Counsel's research on the motion for reconsideration. Based on Counsel's knowledge of consumer law and his previous research of the facts of this case, additional research should have been limited. As such, the Court finds that 7 hours was the reasonable amount of time to spend on the referenced tasks.

In sum, the Court finds that, as to the prosecution of this case, the reasonable amount of time expended is as follows: five hours to draft and research the complaint, 4.4 hours for general communication and correspondence, one hour seeking entry of default, five hours for drafting and researching the motion for default judgment, two hours for responding to the motion to open default, seven hours for drafting the supplemental memorandum and motion for reconsideration, and 11.5 hours for clerical and paralegal time. Thus, Plaintiffs' Counsel is entitled to collect $8,305.00 (24.4 x $300, .5 x $100, 11 x $85) from Defendant as reasonable fees for the prosecution of this matter. When added to the $5,197.50 for *ante litem* activities, attorney, clerical, and paralegal fees total $13,502.50. Also, Plaintiffs' Counsel is entitled to collect $391.34 in fees. (Doc. 13-4 at 18.) Those amounts are in addition to the attorney's fees and costs awarded to Plaintiffs in relation to service on Defendant in the amount of $1,362.50. (*See* Docs. 10 & 16.) Because Plaintiffs state that no amount has been paid by Defendant, Defendant is hereby **ORDERED** to remit payment of $15,256.34 to Plaintiffs within thirty (30) days of entry of this Order.

**II.     Motion for Reconsideration**

In their Motion for Reconsideration, Plaintiffs ask the Court to reconsider its previous Order (Doc. 17) and find that (1) Plaintiffs are entitled to the statutory maximum under the FDCPA, (2) the award under Georgia law should be the FDCPA award trebled in addition to the FDCPA award, and (3) each Plaintiff is entitled to a separate and equal damages award. (Doc. 18 at 6-7.)

6

As the Eleventh Circuit noted in *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-06 (11th Cir. 1993), relief granted from motions for reconsideration are within "the sound discretion of the district judge." This Court's Local Rules address motions for reconsideration, providing in relevant part that:

> **7.6 MOTIONS FOR RECONSIDERATION.** Motions for Reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the Clerk of court within fourteen (14) days after entry of the order or judgment.

M.D. Ga. L.R. 7.6. Additionally, it is the longstanding practice of this Court to grant a motion for reconsideration only when the movant timely demonstrates that either: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). The only basis for reconsideration raised by Plaintiffs is that the Court made a clear error of law.

First, for the reasons stated in its previous Order, the Court finds that $300 is the appropriate award under the FDCPA. There has been no intervening change in the law, new evidence, or demonstrated error by the Court. Accordingly, the Court finds that there is no basis to reconsider its previous finding that $300 is the appropriate statutory award under the FDCPA.

Second, the Court agrees with Plaintiffs' assertion that the $300 statutory award under the FDCPA should be in addition to the damages under the FBPA. *See* Ga. Code. Ann. §§ 10-1-399(c), 10-1-407. Georgia law states that damages under the FBPA "shall be in addition to any other . . . remedies . . . provided for in any other law." *Id.* § 10-1-407. Accordingly, the Court finds that the FBPA award, which is three times the statutory award of $300 under the FDCPA, is in addition to the $300 statutory award under the FDCPA. In other words, Plaintiffs are entitled to a total of $1,200.00.

Lastly, for the reasons stated in its Order, the Court finds that Plaintiffs together are entitled to a total of $300 in statutory damages, not $300 per Plaintiff. As previously stated by the Court (Doc. 17 at 10 n.4), that result is mandated because the FDCPA states that, except in class action suits, statutory damages are to be awarded per "action," *see* 15 U.S.C. § 1692k, not per plaintiff, per violation, or per improper communication. *See Harper v. Better Business Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992). Further, although Plaintiffs requested separate emotional distress awards, they did not request separate FDCPA awards. (*See* Doc. 13-5.)

Based on the foregoing, the last two sentences in the only full paragraph on page 12 of the Court's March 26, 2014 Order (Doc. 17) shall be amended to state:

> "Thus, the actual damages in this matter should be trebled under Georgia law because the Court found that one of the above-referenced violations of the FDCPA was intentional. Plaintiffs are thus entitled to $900 in damages under Georgia law in addition to $300 in damages under the FDCPA, for a total recovery of $1,200."

Also, the second sentence in the last paragraph of the Court's March 26, 2014 Order (Doc. 17 at 13) shall be amended to state:

> "It is hereby **ORDERED AND ADJUDGED** that judgment be entered in favor of Plaintiffs and against Defendant, in the amount of $1,200 in actual damages."

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Attorney's Fees and Supplemental Memorandum for Attorney's Fees and Costs (Docs. 13, 18) is **GRANTED.** Defendant is hereby **ORDERED** to remit payment of $15,256.34 in attorney's fees and costs, and $1,200 in actual damages, to Plaintiffs within thirty (30) days of entry of this Order. Also, as indicated above, Plaintiffs' Motion for Reconsideration (Doc. 18) is

**GRANTED-IN-PART and DENIED-IN-PART.** Judgment shall be entered accordingly.

    **SO ORDERED**, this  24th  day of April 2014.

                                              */s/* W. Louis Sands  
                                              **W. LOUIS SANDS, JUDGE**  
                                              **UNITED STATES DISTRICT COURT**